

July 30, 2021

Robert W Berbenich
212.915.5370 (direct)
516.401.3917 (mobile)
Robert.Berbenich@wilsonelser.com

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Attn: Judge Brian M. Cogan

    **Re:**    **Lynda Cutbill v. Cold Spring Harbor Central School**
              **Central School District, et al.**
              **Docket No: 21 Civ. 3326**

Dear Judge Cogan:

Our office represents defendants Cold Spring Harbor Central School District and Cold Spring Harbor Central School District Board of Education in this matter. We write to request re-designation of this matter as a "Long Island case" and reassignment and transfer to the Central Islip Court pursuant to EDNY Local Rule §§ 50.1 and 50.2, and CPLR § 504(2).

Plaintiff Lynda Cutbill alleges in their complaint they were sexually abused by William Kail, a teacher at Cold Spring Harbor High School, and only names Cold Spring Harbor Central School District and Cold Spring Harbor Central School District Board of Education in the lawsuit. Cold Spring Harbor School District is located in Cold Spring Harbor, Suffolk County, New York, and the substantial part of the events or omissions that allegedly gave rise to the claims occurred on school grounds and during school related extra-curricular activities.

Pursuant to EDNY Local Rule § 50.1(d)(2), "A civil case shall be designated a Long Island Case if:

    (a) the case has been removed to this Court from a New York State court located in Nassau or Suffolk County, or

    (b) in any other case,

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

257166103v.1


      (i) a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County, or

      (ii) a substantial part of the events or omissions giving rise to the claim or claims did not occur in the Eastern District of New York and the defendant (or a majority of the defendants if there is more than one) resides in Nassau or Suffolk County or, in an interpleader action, the claimant (or a majority of the claimants if there is more than one) resides in Nassau or Suffolk County.

In *Hill v. DLJ Mortg*, this Court stated "[i]t is clear that this case should have been assigned to the courthouse in Central Islip. Local Rule 50.1(d)(2)(b)(i) states that a civil case shall be designated a 'Long Island case' if 'a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County[.]' Here, plaintiff resides in Nassau County, and there is no question that the events at issue all occurred there." *Hill v. DLJ Mortg. Capital, Inc.*, 2016 U.S. Dist. LEXIS 66423.

Further, pursuant to New York's CPLR § 504(2), a school district can only be sued in the county in which the school district is situated.

      504. Actions against counties, cities, towns, villages, school districts and district corporations. Notwithstanding the provisions of any charter heretofore granted by the state and subject to the provisions of subdivision (b) of section 506, the place of trial of all actions against counties, cities, towns, villages, school districts and district corporations or any of their officers, boards or departments shall be, for:

      1. a county, in such county;

      2. a city, except the city of New York, town, village, school district or district corporation, in the county in which such city, town, village, school district or district corporation is situated, or if such school district or district corporation is situated in more than one county, in either county;

This case is akin to *Hill* and even more so warrants transfer to Central Islip based on New York State's venue statute, which states Cold Spring Harbor Central School District can *only* be sued in the county in which it is situated, Suffolk County. As such, defendants Cold Spring Harbor Central School District and Cold Spring Harbor Central School District Board of Education object to this case being designated a Brooklyn case and request this case be re-designated a Long Island case and transferred to the Central Islip Court for reassignment.

Despite originally designating the case a Long Island case in their initial court filings, plaintiff refuses to consent to transfer back to Central Islip based on New York CPLR venue statute and the EDNY's Local Rules. "Plaintiffs' position is that we oppose any request to take the cases[1] away from Judge Cogan who was assigned to this matter."

---

[1] Plaintiff's reference to "these cases" pertains to the within matter and the case of Sandler v. Cold Spring Harbor Central School District, 21 Civ 3327. It is our understanding that plaintiff has characterized the Cutbill and Sandler cases as being related matters. We respectfully disagree. While both assert claims against the defendants under New



Thank you for your attention to the foregoing.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

Robert W Berbenich

---

York's Child Victim's Act, the cases involve different alleged assailants, different plaintiffs and different allegations of abuse. As such, we respectfully request that the Cutbill and Sandler cases not be considered related cases from the Court's perspective.